[963 NE2d 1241, 940 NYS2d 540]

LESLIE KAHN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents.

In the Matter of DOREEN NASH, Appellant, v THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents.

Argued January 11, 2012; decided February 14, 2012

458

**POINTS OF COUNSEL**

*New York Civil Liberties Union Foundation,* New York City (*Adriana Piñon* and *Arthur Eisenberg* of counsel), for appellant in the first above-entitled proceeding. The First Department's decision conflicts with the text of CPLR article 78, with this Court's precedent interpreting that text, and with sound public policy. (*Matter of Essex County v Zagata,* 91 NY2d 447; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Matter of Plummer v Klepak,* 48 NY2d 486; *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510; *Walton v New York State Dept. of*

*Correctional Servs.*, 8 NY3d 186; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30; *Stop-The-Barge v Cahill*, 1 NY3d 218; *Matter of Andersen v Klein*, 50 AD3d 296; *Matter of Strong v New York City Dept. of Educ.*, 62 AD3d 592, 14 NY3d 704; *Matter of Lipton v New York City Bd. of Educ.*, 284 AD2d 140.)

*Michael A. Cardozo, Corporation Counsel*, New York City (*Julian L. Kalkstein* and *Larry A. Sonnenshein* of counsel), for respondents in the first above-entitled proceeding. I. Petitioner's CPLR article 78 proceeding, challenging the termination of her probationary employee status, sought to vindicate petitioner's personal interests and not a public interest. Therefore, petitioner's action was barred by her failure to file a notice of claim pursuant to Education Law § 3813 (1). (*C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d 189; *Zurich Am. Ins. Co. v Ramapo Cent. School Dist.*, 63 AD3d 729; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539; *Ruocco v Doyle*, 38 AD2d 132; *Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney*, 89 NY2d 395; *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 36 NY2d 807; *Matter of Silvernail v Enlarged City School Dist. of Middletown*, 40 AD3d 1004; *Mills v County of Monroe*, 59 NY2d 307, 464 US 1018; *Sandak v Tuxedo Union School Dist. No. 3*, 308 NY 226; *Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763.) II. The Appellate Division properly found that petitioner's CPLR article 78 proceeding challenging her termination from her probationary position with the Department of Education was barred by the expiration of the four-month statute of limitations set by CPLR 217. (*Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 469 US 823; *Matter of Cappellino v Town of Somers*, 83 AD3d 934; *Matter of Strong v New York City Dept. of Educ.*, 62 AD3d 592; *Matter of Andersen v Klein*, 50 AD3d 296; *Matter of Triana v Board of Educ. of City School Dist. of City of N.Y.*, 47 AD3d 554; *Matter of Lipton v New York City Bd. of Educ.*, 284 AD2d 140; *Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763; *Matter of Venes v Community School Bd. of Dist. 26*, 43 NY2d 520; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774; *Board of Educ., Bellmore-Merrick Cent. High School Dist., Nassau County v Bellmore-Merrick United Secondary Teachers*, 39 NY2d 167.)

*Keith J. Gross*, New York City, and *Richard E. Casagrande* for New York State United Teachers, amicus curiae in the first above-entitled proceeding. I. The four-month statute of limitations mandated by CPLR 217 should run from the date a probationary pedagogue receives the Chancellor's determination after administrative review. (*Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763; *Matter of Sapadin v Board of Educ. of City of N.Y.*, 246 AD2d 359; *Matter of Lipton v New York City Bd. of Educ.*, 284 AD2d 140; *Matter of Triana v Board of Educ. of City School Dist. of City of N.Y.*, 47 AD3d 554; *Matter of Strong v New York City Dept. of Educ.*, 62 AD3d 592.) II. It is judicially efficient and fair to commence the statute of limitations from the date the pedagogue receives the Chancellor's determination after administrative review. III. Commencing the statute of limitations at different points for challenges to U-ratings and discontinuances is impractical and prejudicial. (*Matter of Andersen v Klein*, 50 AD3d 296; *Matter of Mateo v Board of Educ. of City of N.Y.*, 285 AD2d 552; *Matter of Bonilla v Board of Educ. of City of N.Y.*, 285 AD2d 548.)

*Charity M. Guerra, Council of School Supervisors & Administrators*, Brooklyn, for Council of School Supervisors and Administrators, amicus curiae in the first above-entitled proceeding. This case presents an important issue regarding ripeness that this Court should decide both for this litigant and to clarify the rule of law. (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52; *Matter of Cantres v Board of Educ. of City of N.Y.*, 145 AD2d 359; *Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832; *Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352; *Matter of Chaban v Board of Educ. of City of N.Y.*, 201 AD2d 646; *Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186; *Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763; *Matter of Edmead v McGuire*, 67 NY2d 714; *Matter of Sneed v Hammons*, 242 AD2d 509; *Matter of Schulman v Board of Educ. of City of N.Y.*, 184 AD2d 643.)

*Keith J. Gross*, New York City, and *Richard E. Casagrande* for appellant in the second above-entitled proceeding. I. The four-month statute of limitations mandated by CPLR 217 runs from the date a probationary pedagogue receives the Chancellor's determination after administrative review. (*Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763; *Matter of Wilborn v Starr*, 58 AD2d 785; *Kroboth v Sexton*, 160 AD2d 126; *Matter of Sapadin v Board of Educ. of City of N.Y.*, 246 AD2d 359; *Matter of Lipton v New York City*

*Bd. of Educ.*, 284 AD2d 140; *Matter of Triana v Board of Educ. of City School Dist. of City of N.Y.*, 47 AD3d 554; *Matter of Strong v New York City Dept. of Educ.*, 62 AD3d 592; *Matter of Eldaghar v New York City Hous. Auth.*, 34 AD3d 326; *Matter of Buffalo Audio Ctr. Arrolite Co. v Union Free School Dist. No. 1*, 29 Misc 2d 871, 15 AD2d 991; *Matter of Cosmopolitan Catering Corp. v Hostetter*, 42 Misc 2d 714.) II. It is judicially efficient and fair to commence the statute of limitations from the date the pedagogue receives the Chancellor's determination after administrative review. (*Matter of Community School Bd. Nine v Crew*, 224 AD2d 8, 89 NY2d 807; *Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763.) III. Commencing the statute of limitations at different points for challenges to U-ratings and discontinuances is impractical and prejudicial to pedagogues. (*Matter of Andersen v Klein*, 50 AD3d 296; *Matter of Mateo v Board of Educ. of City of N.Y.*, 285 AD2d 552; *Matter of Bonilla v Board of Educ. of City of N.Y.*, 285 AD2d 548.)

*Michael A. Cardozo, Corporation Counsel*, New York City (*Julian L. Kalkstein, Susan B. Eisner, Stephen J. McGrath* and *Daniel Gomez-Sanchez* of counsel), for respondents in the second above-entitled proceeding. The Appellate Division properly found that petitioner's CPLR article 78 proceeding challenging the discontinuance of her probationary service as a school secretary with the Department of Education was barred by the expiration of the four-month statute of limitations set by CPLR 217. (*Matter of Yarbough v Franco*, 95 NY2d 342; *Matter of De Milio v Borghard*, 55 NY2d 216; *New York State Assn. of Counties v Axelrod*, 78 NY2d 158; *Matter of Robertson v Board of Educ. of City of N.Y.*, 175 AD2d 836; *Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 469 US 823; *Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763; *Matter of Strong v New York City Dept. of Educ.*, 62 AD3d 592, 14 NY3d 704; *Matter of Andersen v Klein*, 50 AD3d 296; *Matter of Schulman v Board of Educ. of City of N.Y.*, 184 AD2d 643; *Matter of Jones v Board of Educ. of City of N.Y.*, 159 AD2d 506.)

## OPINION OF THE COURT

READ, J.

These cases call upon us to decide whether petitioners Leslie Kahn and Doreen Nash (collectively, petitioners) were required to exhaust an available internal appeal procedure before challenging the termination of their probationary employment at

the City of New York's Department of Education (the Department or DOE). The Department is obligated by its collective bargaining agreement (CBA) with the United Federation of Teachers and its own bylaws to afford probationary employees the opportunity for reconsideration of a decision to discontinue their employment.

We hold that DOE's decisions were "final and binding" within the meaning of CPLR 217 (1) as of the dates when Kahn's and Nash's probationary service ended, January 25, 2008 and July 15, 2005, respectively. Petitioners awaited the outcome of the internal reviews provided for under the CBA and DOE's bylaws before commencing suit. But these reviews "stem[ ] solely from the [CBA]" and constitute *"an optional procedure* under which a teacher may ask [DOE] to reconsider and reverse [its] initial decision, . . . *which is final and which, when made, in all respects terminates the employment of a probationer* under Education Law § 2573 (1) (a)" (*Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 767 [1988] [emphases added]); they are not administrative remedies that petitioners were required to exhaust before litigating the termination of their probationary employment. As a result, petitioners' lawsuits, brought more than four months after the dates when their probationary service ended, are time-barred.

I.

Kahn

On February 1, 2005, Kahn began her three-year probationary period of employment at DOE as a social worker at the Williamsburg High School for Architecture and Design. In June 2007, she accepted a position as a social worker at Khalil Gibran International Academy. On December 17, 2007, Gibran's interim principal issued an observation report in which she evaluated Kahn's counseling session with students on December 12, 2007 as unsatisfactory. On December 19, 2007, the principal also rated Kahn's performance as unsatisfactory in an annual professional performance review, and recommended denial of completion of probation. Then on December 21, 2007, the community superintendent informed Kahn that, in accordance with Education Law § 2573 (1), she was denying her certification of completion of probation; that under the terms of the CBA between DOE and the bargaining unit of which Kahn was a member she was "entitled to the review procedures . . .

prescribed" in article 4 of the Department's bylaws; and that her service pursuant to her appointment would "terminate as of close of business January 25, 2008."

Section 4.3.2 of DOE's bylaws (formerly section 5.3.4), entitled **"Appeals re Discontinuance of Probationary Service"** provides that

"[a]ny person in the employ of the City School District who appears before the Chancellor, or a committee designated by the Chancellor, concerning the discontinuance of service during the probationary term, or at the expiration thereof, shall have a review of the matter before a committee which shall be designated in accordance with contractual agreements covering employees or by regulations of the Chancellor, as appropriate.

"After the review, the committee shall forward its advisory recommendation to the community superintendent or to the Chancellor in accordance with contractual agreements."

Under section 4.3.3, the employee is entitled to appear in person at the hearing, accompanied by an advisor; to be confronted by and call witnesses; and to examine exhibits and introduce relevant evidence. The CBA calls for the section 4.3.2 review to be conducted by a tripartite committee of professional educators, with one selected by the teacher, one by DOE and the third by the other two from an agreed-upon list.

On January 3, 2008, Kahn initiated the section 4.3.2 review by notifying the Department's Office of Appeals and Reviews that she requested an appeal; she checked only the box labeled "Discontinuance" as a reason for her appeal.[1] The committee held a hearing on April 9, 2008. By a vote of 2-1, the committee recommended "non-concurrence" with the decision to discontinue Kahn's probationary service. The director of the Office of Appeals and Reviews forwarded the committee's confidential advisory report to the community superintendent on April 16, 2008, advising her to review the report and examine the record, and notify Kahn in writing of her decision either to reaffirm or

---

**1.** This form letter stated simply "I hereby request an appeal for the following reason[ ](s): Check appropriate category(ies)" and identified the following four choices: "U" Rating; C-31; C-31 and "U" Rating; and Discontinuance. C-31 apparently refers to Chancellor's Regulation C-31, which sets forth procedures to be followed to terminate New York City licenses of untenured pedagogical employees.

reverse the discontinuance of Kahn's probationary service. On May 9, 2008, the superintendent informed Kahn that she "reaffirmed the previous action which resulted in Denial of Certification of Completion of Probation effective close of business on January 25, 2008."

On September 9, 2008, exactly four months later, Kahn commenced this CPLR article 78 proceeding against DOE, the Chancellor and the interim principal at Gibran (collectively, DOE). In her amended petition, dated November 17, 2008, Kahn claimed that the principal's observation of the counseling session was deficient because not "made in consultation with an 'in-discipline' Social Work Supervisor [possessing] a clinical license," as required by the CBA; and that the principal's deficient observation and inaccurate assessment of her record of attendance and punctuality caused DOE to terminate her employment, which also effectively barred her from any future job in the New York City school system.

Kahn alleged two "causes of action": that DOE failed to perform duties enjoined by law and acted in an arbitrary and capricious manner in violation of CPLR article 78; and that DOE violated the due process clauses of the federal and state constitutions and 42 USC § 1983 by "providing [Kahn] with an unsatisfactory rating [and in] terminating [her] in a manner that did not comport with fair processes." She principally sought orders vacating DOE's decisions resulting in the unsatisfactory rating and termination of her employment; permitting her to "resume her status" as a probationary DOE employee; and directing that any further evaluations of her performance comply with the CBA's requirements governing her position.

On January 12, 2009, DOE cross-moved to dismiss the petition. The Department argued that Kahn's claims were precluded by her failure to file a notice of claim as required by Education Law § 3813 (1);[2] that the proceeding was barred by expiration of CPLR 217 (1)'s four-month statute of limitations; that to the

---

2. Section 3813 (1) of the Education Law states that

"[n]o action or special proceeding, for any cause whatever . . . or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, board of education . . . or any officer of a school district[ or] board of education . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded

extent Kahn challenged her unsatisfactory rating, she had not exhausted her administrative remedies; and that her petition did not state a cause of action under section 1983 because she had not been deprived of any property or liberty interest.

Supreme Court denied DOE's cross motion in a decision and order dated September 8, 2009 (26 Misc 3d 366 [NY County 2009]). The judge ruled that because Kahn was seeking equitable relief rather than money damages, Education Law § 3813 (1) did not mandate a timely notice of claim as a prerequisite to her lawsuit (*id.* at 370-373); that her claims under section 1983 were timely and pleaded sufficiently to survive a motion to dismiss (*id.* at 380-383); and that "any failure by [Kahn] to exhaust any administrative remedies available in connection with the U-Rating" should be excused because "[t]o the extent the December 21 decision was made in partial reliance on the U-Rating, [Kahn] fully addressed the rating at the Chancellor's hearing regarding her termination" (*id.* at 381).

The bulk of Supreme Court's decision addressed what the judge called "the challenging issue of determining the precise reach" of *Frasier* (*id.* at 368). She acknowledged that the First and Second Departments had consistently interpreted *Frasier* to mean that "an Article 78 proceeding commenced by a probationary teacher more than four months after the discharge" was untimely (*id.* at 375, citing *Matter of Schulman v Board of Educ. of City of N.Y.*, 184 AD2d 643, 644 [2d Dept 1992] ["There is no merit to the petitioner's argument that the review of this administrative determination (to terminate his probationary employment) served to extend the four month limitations period"]; *Matter of Strong v New York City Dept. of Educ.*, 62 AD3d 592, 593 [1st Dept 2009] ["Petitioner's time to commence the (CPLR article 78) proceeding was not extended by her administrative appeal of (the) determination" to terminate her probationary employment as a per diem substitute teacher]; *Matter of Triana v Board of Educ. of City School Dist. of City of N.Y.*, 47 AD3d 554, 557 [1st Dept 2008] ["The law is well established that a decision to terminate the employment of a probationary teacher is final and binding on the date the termination becomes effective, and this is true even in

was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay any said claim has neglected or refused to make an adjustment or payment thereof for thirty days after presentment."

circumstances where administrative review is available"] [citations omitted]; and *Matter of Lipton v New York City Bd. of Educ.*, 284 AD2d 140, 140-141 [1st Dept 2001] ["Petitioner's claim that the termination of her probationary employment was invalid because she was, in fact, a tenured employee was properly dismissed on the ground that the instant CPLR article 78 proceeding was not brought within four months of (the Chancellor's) letter advising petitioner of the termination of her probationary employment"]).

But Supreme Court criticized these interpretations as based upon "no discussion at all," featuring "sweeping statement[s]" that imbued *Frasier* with "a meaning . . . never intended" by the Court of Appeals (26 Misc 3d at 375). The judge distinguished *Frasier* on the ground that it involved back pay rather than reinstatement, and did not mention CPLR 217 (1); she considered the appellate courts' interpretation of *Frasier* to create an anomaly because, in her view, "[t]he law [was] clear that an employee's appeal of a U-Rating, made with or without an appeal of a discontinuance, [would] stay the running of the statute of limitations as to the issue of the U-Rating" (*id.* at 378).[3] Further, the judge opined that "language in *Frasier* itself suggests" that we meant that decision to be "a limited one," not covering situations where there was "a statutory or constitutional violation or procedural defect" as is potentially the case here, where Kahn "assert[ed] a statutory violation in that she was denied 60 days' advance notice before her termination as required by Education Law § 2573 (1) (a),"[4] and "also claim[ed] that her rights under the [CBA] were violated in that the Committee considered a U-Rating issued by the principal without the participation of a social work supervisor" (*id.* at 379). While "respectfully urg[ing] the First Department to take a second

---

3. Appeals of unsatisfactory ratings are governed by section 4.3.1 of DOE's bylaws. This provision, which is not worded the same as section 4.3.2, specifies that the committee's findings and recommendations "shall be submitted to the Chancellor for a final decision."

4. Kahn does not appear to mention the lack of 60 days' notice in her amended petition or motion papers. Where a probationary teacher or other member of the teaching staff is not recommended for tenure, the superintendent must issue written notice of that decision no later than 60 days before the probationary period (with exceptions, three years) ends (Education Law § 2573 [1] [a]). We have held that the remedy for noncompliance with this notice provision is "one day's pay for each day the notice was late" (*Matter of Tucker v Board of Educ., Community School Dist. No. 10*, 82 NY2d 274, 278 [1993]; *see also Matter of Vetter v Board of Educ., Ravena-Coeymans-Selkirk Cent. School Dist.*, 14 NY3d 729 [2010]).

look at *Frasier*" (*id.* at 373), Supreme Court concluded that Kahn's CPLR article 78 proceeding was timely because brought within four months of the May 9, 2008 letter from the community superintendent, which reaffirmed the earlier decision to deny Kahn certification of completion of probation.

On October 28, 2009, prior to answering Kahn's amended petition, DOE moved for leave to appeal Supreme Court's decision denying its motion to dismiss. On November 23, 2009, Kahn cross-moved to amend her petition again, principally to include the committee's confidential advisory report, which had become available to her during the course of the litigation; she opposed DOE's motion for leave to appeal. On December 23, 2009, Supreme Court granted DOE's motion and Kahn's cross-motion, and stayed the proceeding until the Appellate Division handed down its decision. The judge noted that "[a]lthough the appellate courts typically do not review interim orders in Article 78 proceedings, the issues raised"—particularly "whether the proceeding was time-barred based on [*Frasier*] and its progeny"—were "significant ones which . . . merit[ed] the attention of the Appellate Division at this time."

In December 2010, the Appellate Division unanimously reversed Supreme Court's September 8, 2009 order and granted DOE's motion to dismiss the petition (79 AD3d 521 [1st Dept 2010]). While agreeing with the lower court that Kahn did not need to comply with Education Law § 3813 (1), the court concluded that her lawsuit was nonetheless barred by CPLR 217 (1) because "[a] petition to challenge the termination of probationary employment on substantive grounds must be brought within four months of the effective date of termination," and "[t]he time to commence such a proceeding is not extended by the . . . pursuit of administrative remedies" (*id.* at 522). In addition, the Appellate Division noted that while the notice of termination was procedurally defective because Kahn was not given the 60 days' prior notice required by Education Law § 2573 (1) (a), "that defect [did] not invalidate the discontinuance or render the statute of limitations inapplicable; at best, it would have entitled [Kahn] to additional back pay, had she served a notice of claim and sought money damages" (*id.*).

Finally, the Appellate Division concluded that Kahn did not have a valid claim under section 1983 because, as a probationary employee, she did not have a property interest in her position; the "process provided for in the collective bargaining agreement did not create" one; and she was not deprived of a

liberty interest (*id.* at 523).[5] We subsequently granted Kahn leave to appeal (16 NY3d 709 [2011]), and now affirm.

Nash

Nash began her probationary service at DOE on September 3, 2002 in a secretarial position. After two years at Intermediate School 191, she transferred to Brooklyn Technical High School, where she was assigned to be a pupil accounting secretary. In May 2005, Brooklyn Technical's principal evaluated Nash's performance as unsatisfactory in her annual professional performance review for the 2004-2005 school year. On June 15, 2005, the principal indicated on the performance review form that he recommended discontinuance of Nash's probationary service; and on June 17, 2005, the local instructional superintendent noted likewise on the form. Additionally, on June 15, 2005 the superintendent informed Nash that on July 15, 2005, he would "review and consider whether [her] services as a probationer [should] be discontinued and [her] license terminated as of close of business July 15, 2005." He added that his consideration of termination and discontinuance was based on her unsatisfactory rating, and offered her the opportunity to submit a written response thereto no later than July 8, 2005. On June 16, 2005,[6] Nash notified the Office of Appeals and Reviews that she sought section 4.3.2 review; she checked the box labeled "C-31 and **Discontinuance**/Denial of Completion of Probation" on the form.[7]

Then on July 15, 2005, the local instructional superintendent notified Nash that "after consideration and review of all appropriate documentation," he "affirm[ed] [her] Discontinuance of Probationary Service and license termination effective close of business July 15, 2005." He further informed her that, in accordance with Chancellor's Regulation C-31 and the CBA, she had the right to appeal the decision to the Office of Appeals and Reviews within 15 school days of the date of the letter; and that her Social Security number would be placed on the inquiry list.

The committee held a hearing on May 10, 2006. By a vote of 3-0, the committee recommended "non-concurrence" with the

---

**5.** Kahn does not appeal the Appellate Division's ruling with respect to her section 1983 claim.

**6.** That same day, Nash also filed a form to waive the one-year limitation for review of her appeal of the adverse rating she received from the principal on June 15, 2005.

**7.** The form identified the following four choices: "U" Rating; C-31; C-31 and "U" Rating; and "C-31 and **Discontinuance**/Denial of Completion of Probation," the option selected by Nash.

decision to discontinue Nash's probationary service. On May 14, 2008, almost exactly two years later, the superintendent of Brooklyn High Schools wrote Kahn to "reaffirm[ ] the previous actions which resulted in **Discontinuance of Probationary Service** effective close of business July 18, 2005."[8]

On August 13, 2008, Nash filed a notice of claim pursuant to Education Law § 3813 (1), and on September 10, 2008, she commenced this CPLR article 78 proceeding against the Board of Education and the Chancellor (collectively, DOE). In her amended petition, filed December 23, 2008, Nash alleged that DOE violated section 4.3.3 of its bylaws by furnishing her with a deficient notice of hearing, and not producing at the hearing the principal who recommended that she be let go; that DOE's alleged failure to abide by its own bylaws, Chancellor's Regulation C-31 and the CBA and to present credible evidence resulted in an arbitrary and capricious determination in violation of lawful procedure; and that DOE's failure to follow the committee's recommendation, which was supported by substantial evidence, was arbitrary and capricious. She sought an order and judgment declaring that the hearing and determination to uphold the termination of her probationary employment were arbitrary, capricious and contrary to law, and directing her reinstatement to her former position, with back pay and interest.

On January 16, 2009, DOE cross-moved to dismiss the amended petition on the grounds that Nash's claims for reinstatement and back pay were time-barred by CPLR 217 (1) because she did not sue within four months of the effective date of the termination of her probationary employment; and that insofar as she sought to review the unsatisfactory rating that she received for the 2004-2005 school year, she had not exhausted mandatory administrative and contractual remedies.[9]

In a decision, order and judgment dated October 21, 2009, Supreme Court denied Nash's petition and dismissed the proceeding as time-barred (2009 NY Slip Op 32531[U] [NY County 2009]). Citing *Frasier* and *Triana*, the judge held that "Nash's pursuit of a review hearing and reconsideration of the discontinuance by the Chancellor's committee [did] not extend or toll the four-month statutory limitations period" in CPLR

---

8. The date of July 18, 2005 appears to be a typographical error; there is no dispute that Nash's probationary service ended on July 15, 2005.

9. DOE did not contest the timeliness of the notice of claim that Nash filed pursuant to Education Law § 3813 (1).

217 (1); and that "[t]he request for review, pursuant to Bylaws § 4.3.2, [was] nothing more than a request for reconsideration of the original determination to discontinue [her] probationary employment" (*id.* at *7). In Supreme Court's view and "contrary to Nash's strenuous argument, characterizing this proceeding as solely a challenge to the 2008 Chancellor's reaffirmation of the 2005 decision [did] not render timely the demands for reinstatement and back pay" (*id.*).

As for Nash's challenge of her unsatisfactory rating, Supreme Court concluded that she had exhausted her administrative remedies because her "request for a hearing to review a discontinuance based on a U-rating necessarily encompassed a review of that rating" (*id.* at *8). But the judge found no merit in Nash's objections to the way the hearing was conducted, noting that the committee voted 3-0 in her favor.

In March 2011, the Appellate Division unanimously affirmed (82 AD3d 470 [1st Dept 2011]). The court held that to the extent that Nash disputed the loss of her job at DOE, her claim was time-barred under CPLR 217 (1) because "a petition to challenge the termination of probationary employment must be brought within four months of the effective date of termination, during which time the termination is deemed to become final and binding, and a petitioner's pursuit of administrative remedies does not toll the four-month statute of limitations" (*id.*). The Appellate Division further observed that "[t]he reconsideration of the matter by [the] committee did not amount to a 'fresh look' at the merits so as to renew the running of the statute of limitations" (*id.* at 471). Finally, the court agreed with Supreme Court that Nash's lawsuit was timely insofar as she challenged the unsatisfactory rating, and that she had exhausted her administrative remedies with respect to the rating. We subsequently granted Nash leave to appeal (17 NY3d 704 [2011]), and now affirm.

## II.

The petitioner in *Frasier*, a probationary teacher in the New York City school system, was notified in writing by the Chancellor that his probationary appointment was terminated as of September 4, 1984. Frasier sought review of this adverse decision, utilizing the procedures established by section 5.3.4 of the Board of Education's bylaws and the CBA. As noted earlier, this appeal process is essentially identical to the present-day section 4.3.2 review. After the review's completion, the Chancellor

notified Frasier that he was reversing his earlier determination and reinstating him to probationary status. Frasier then sought back pay and benefits for the period of time between the termination of his employment on September 4, 1984 and his subsequent reinstatement on March 25, 1985.

We framed the issue presented as "whether the Chancellor's original action terminated [Frasier's] rights as a probationary appointee under Education Law § 2573 (1) (a) as of September 4, 1984, or whether, as petitioner claims . . . , that action was nonfinal and ineffective until completion of the review procedure" (*Frasier*, 71 NY2d at 765). We concluded that the original action terminating Frasier's probationary employment was, in fact, final and effective and, as a result, Frasier was not entitled to back pay and benefits.

We observed that "[u]nquestionably, a Board of Education, under Education Law § 2573 (1) (a),"—and, in New York City, the Chancellor—"has the right to terminate the employment of a probationary teacher at any time and for any reason, unless the teacher establishes that the termination was for a constitutionally impermissible purpose, violative of a statute, or done in bad faith" (*id.*). Additionally, "[f]rom the language of Education Law § 2573 (1) (a), it [was] evident that a decision not to grant tenure to a probationary teacher, once made, [was] intended to be final" as "[t]he statute contains no provision for reconsideration or review or for reinstatement of a discontinued probationary appointee" (*id.* at 766).

We recognized, though, that a "question remain[ed]" as to "whether anything in the review procedure established in the bylaws . . . [made] the Chancellor's original decision on discontinuance nonfinal" (*id.* at 766-767). Answering this question in the negative, we concluded that the internal review procedure established in the bylaws "in no way pertain[ed] to the finality of the Chancellor's decision," but rather was "procedural only"; in short,

> "[p]robationary teachers have no constitutional or statutory right to a review of the Chancellor's decisions to discontinue their services and to deny tenure. Their right to a review stems solely from the [CBA]. Section 5.3.4 [now section 4.3.2] does no more than establish *an optional procedure* under which a teacher may ask the Chancellor to reconsider and reverse his initial decision, a decision

*which is final and which, when made, in all respects terminates the employment of a probationer* under Education Law § 2573 (1) (a)" (*id.* at 767 [citations omitted and emphases added]).

Thus in *Frasier*, we concluded that a probationary teacher in the New York City public school system who was let go from his job but then later reinstated after completion of the optional internal review was not entitled to back pay and benefits for the period he was out of work. The principal take-away from the decision, though, is not this conclusion, but rather the reason for it; namely, that the original decision to discontinue Frasier's employment was in all respects final as of the day his probationary appointment ended and was therefore not dependent upon exhaustion of the internal review to become effective. Because a determination pursuant to Education Law § 2573 (1) (a) to discontinue a probationary employee's service becomes final and binding on that employee on his or her last day at work—as *Frasier* holds—CPLR 217 (1) dictates that any suit to challenge the determination must be commenced within four months after that date.

Petitioners understandably insist that the internal review created by the CBA and DOE's bylaws must be exhausted before suit may be brought under CPLR article 78 to challenge a determination made pursuant to Education Law § 2573 (1) (a) to discontinue a probationary employee's service. After all, otherwise their actions are untimely. But this position is not consistent with our decision in *Frasier*, as explained in this writing and as the First and Second Departments have repeatedly held (*see also Matter of De Milio v Borghard*, 55 NY2d 216 [1982] [where a probationary county employee brought a CPLR article 78 proceeding to challenge the commissioner's decision to terminate his employment, the four-month limitations period began to run from the date the employee's employment ended, not from the date when the commissioner denied his request for reconsideration of the decision to discharge him]).

Further, the ruling that petitioners seek would not, in our view, benefit probationary teachers and teaching staff generally. The grounds for overturning DOE's decision to let a probationary employee go during the probationary period are limited indeed. But under petitioners' theory, someone with a potentially meritorious claim would have to await the conclusion of the internal review—which surely would take months and might take years—before seeking redress in court. In the meantime,

this individual would not be getting paid and, as *Frasier* establishes, has no right to back pay if eventually reinstated.

Accordingly, in each case, the order of the Appellate Division should be affirmed, with costs.[10]

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

In each case: Order affirmed, with costs.

---

10. In light of our disposition of this appeal, we need not reach and express no opinion as to whether a plaintiff or petitioner who seeks only equitable relief from DOE must comply with the notice-of-claim provisions in Education Law § 3813 (1) as a precondition to suit.