Matter of Dourdounas v City of New York (2022 NY Slip Op 06994)

Matter of Dourdounas v City of New York

2022 NY Slip Op 06994

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 152023/21 Appeal No. 16830 Case No. 2022-01134 

[*1]In the Matter of George Dourdounas, Petitioner-Appellant,
v
City of New York et al., Respondents-Respondents.

Glass Harlow & Hogrogian LLP, New York (Bryan D. Glass of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about September 14, 2021, denying the petition to annul respondents' July 2017 determination, which denied petitioner a retirement incentive, and granting respondents' motion to dismiss the proceeding brought pursuant to CPLR article 78 as time-barred, unanimously affirmed, without costs.
The four-month statute of limitations to commence an article 78 proceeding begins once an administrative determination is "final and binding" (CPLR 217[1]; see Walton v NY State Dept. of Correctional Servs., 8 NY3d 186, 194-195 [2007]). Because there was no opportunity for administrative review within the Department of Education after petitioner was denied the retirement incentive, the determination became final and binding when he was informed of the denial in July 2017 (see Walton, 8 NY3d at 194-195).
Nonetheless, as a union member subject to the collective bargaining agreement (CBA), petitioner was also required to avail himself of the grievance procedure set forth in the CBA before commencing an action pursuant to CPLR article 78 (see Matter of Gil v Department of Educ. of the City of N.Y., 146 AD3d 688, 688 [1st Dept 2017]). Petitioner did pursue the grievance procedure and was ultimately unsuccessful. However, pursuing the union grievance did not function to toll the statute of limitations as to the underlying denial of the retirement incentive (see Matter of Queensborough Community Coll. of City Univ. of N.Y. v State Human Rights Appeal Bd., 41 NY2d 926, 926 [1977]; Mitchell v Nassau Community Coll., 265 AD2d 456, 456 [2d Dept 1999]; Matter of Vasbinder v Hartnett, 129 AD2d 894, 894-895 [3d Dept 1987], lv denied 70 NY2d 606 [1987]).
As this proceeding was not commenced until February 26, 2021, more than 3½ years after the denial of the retirement incentive became final and binding, the petition was untimely.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022