Hunold v City of New York

2026 NY Slip Op 02153

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jeffrey Hunold, Plaintiff-Appellant,

v

The City of New York et al., Defendants-Respondents.

Decided and Entered: April 09, 2026

Index No. 156864/23|Appeal No. 6078|Case No. 2025-00736|

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ.

Law Office of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondents.

[*1]

Judgment, Supreme Court, New York County entered January 23, 2025, dismissing the complaint with prejudice, and bringing up for review an order of the same court (Hasa A. Kingo, J.), entered September 10, 2024, which granted the motion by defendants the City of New York, the New York City Police Department (NYPD), Michael Melocowsky, Eric Eichenholtz, and Tanya Meisenholder to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff was a police officer with the NYPD who, due to his "devout Christian faith," applied for a religious accommodation exempting him from the NYC Department of Health and Mental Hygiene Commissioner's October 20, 2021 COVID-19 vaccination requirement and requested to be allowed to wear a mask and submit to weekly testing. In a form denial sent by email dated February 15, 2022, the NYPD denied his religious accommodation request by checking two boxes; one stated "Insufficient or missing religious documentation" and the other "No demonstrated history of vaccine/medicine refusal." Plaintiff appealed the NYPD's denial to the City of New York Reasonable Accommodation Appeals Panel, which on June 17, 2022, notified him that it denied his administrative appeal because he "does not meet [the] criteria," and that he would be placed on leave without pay on June 24, 2022, and terminated on June 27, 2022, if he refused to be vaccinated. Instead, plaintiff applied for vested retirement that same day.

Plaintiff commenced a CPLR article 78 proceeding challenging the denial of his reasonable accommodation request. He asserted five claims for relief alleging that the decision was arbitrary and capricious because: (i) no reasoning was provided, (ii) the denial violated the City Human Right Law's (City HRL)antidiscrimination statute and the requirement that the NYPD engage in a cooperative dialogue with plaintiff, (iii) the City and NYPD failed to follow their own equal employment opportunity rules, (iv) the denial violated Title VII, the State Human Rights Law (State HRL), the City HRL, and EEOC guidance requiring employers to assume that the religious accommodation requests were based on sincerely held religious beliefs, and (v) the denial violated his right to free exercise of his sincerely held religious beliefs under the New York State Constitution.

Supreme Court denied the petition and dismissed the proceeding, concluding that the NYPD identified sound reasons for denying plaintiff's reasonable accommodation requests, including his failure to provide a cogent explanation for why his religious beliefs conflict with vaccination. Citing to Matter of Marsteller v City of New York (217 AD3d 543, 545 [1st Dept 2023], appeal dismissed and lv denied 41 NY3d 960 [2024]). The City also concluded that the denial of his application for religious exemption was not a violation of the City's HRL, nor was the use of a form checklist stating the reason for the denial arbitrary and capricious.

[*2]

While the article 78 proceeding was still pending, plaintiff commenced this action by verified complaint, which he amended after the article 78 proceeding had been dismissed. In his amended complaint, plaintiff alleged causes of action for (1) religious discrimination in violation of the State and City HRLs, (2) refusal to engage in cooperative dialogue in violation of the City HRL, (3) a declaratory judgment that defendants' policy and practice in denying plaintiff's religious accommodation requests was unlawful, (4) violation of the Free Exercise Clause of the New York State Constitution, (5) intentional infliction of emotional distress (IIED), (6) aiding and abetting discriminatory acts by the individual defendants, (7) breach of contract due to constructive termination, (8) attorneys' fees, (9) violation of the Equal Protection Clause of the State Constitution, and (10) disparate treatment and disparate impact under the City HRL.

Defendants moved to dismiss the amended complaint based on res judicata, and because it otherwise failed to state a cause of action upon which relief may be granted. Defendants argued that plaintiff failed to plead facts to support his claim that he held a bona fide religious belief that conflicted with the vaccine mandate or that he suffered an adverse employment action or disparate impact because of that belief. They further argued that they engaged plaintiff in a sufficient cooperative dialogue; that plaintiff's claim for declaratory relief was moot; that the NYPD was not amenable to suit; and that because the vaccine mandate was lawful, plaintiff did not meet the standard for IIED.

In opposition, plaintiff argued, as he does on appeal, that the issues brought in this action differed from those brought in the article 78 proceeding because here the claims include discrimination under the State and City HRL, violations of the State Constitution, IIED and constructive termination, among others; that the article 78 court limited its review to whether the City's decision was rational and not arbitrary; and that he stated a cause of action because the complaint alleged that defendants subjected him to discrimination and unlawful termination due to his religious beliefs when he was denied a religious accommodation.

[*3]

The court properly dismissed the complaint as against the NYPD, which is "a non-suable agency of the City" (see NY City Charter § 396; Troy v City of New York, 160 AD3d 410, 411 [1st Dept 2018]). With respect to the remaining defendants, because the essence of the factual allegations in both the article 78 proceeding and this action is discrimination under the State and City HRLs, the court properly held that the claims against them for alleged violations of the State and City HRLare barred by collateral estoppel and res judicata based on the decision issued in the article 78 proceeding. That proceeding, in which plaintiff alleged that NYPD's denial of his request for a religious accommodation exempting him from the COVID-19 vaccine mandate was arbitrary and capricious, was dismissed upon the article 78 court's determination that defendants' actions were rationally motivated by nondiscriminatory reasons. Therefore, plaintiff is collaterally estopped from raising those claims again in a plenary action (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; Rosenthal v Roosevelt Is. Operating Corp., 221 AD3d 551, 551-552 [1st Dept 2023]).

Res judicata, which "prevents relitigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions that either were raised or could have been raised in the prior proceeding," also applies (Rojas v Romanoff, 186 AD3d 103, 108 [1st Dept 2020]). Plaintiff's complaint raises no instance of discrimination that was not previously raised in the article 78 proceeding, "despite the fact that the claims are based on a different theory or seek a different remedy" (Thomas v City of New York, 239 AD2d 180, 180 [1st Dept 1997]).

In any event, the complaint fails to state a cause of action because the discrimination claims fail to allege what plaintiff's religious beliefs are beyond that he was created in God's image or that his beliefs conflict with the vaccine mandate (see Kola v City of New York, 245 AD3d 513, 514 [1st Dept 2026]). Plaintiff's claim that he suffered an adverse employment action in being notified that he would be placed on leave without pay and then terminated, fails because these events never manifested. Plaintiff chose instead to apply for vested retirement, making any harm speculative (see Crookendale v New York City Health & Hosps. Corp., 175 AD3d 1132, 1132 [1st Dept 2019]).

[*4]

Furthermore, plaintiff's breach of contract claim fails for lack of standing. A union employee "may not independently enforce the collective bargaining agreement unless (1) the union breached its duty of fair representation or (2) the contract permits it" (Matter of Dourdounas v City of New York, 44 NY3d 34, 39 [2025]). Plaintiff's IIED claim must be dismissed because such claims "against government bodies are barred as a matter of public policy" (Dillon v City of New York, 261 AD2d 34, 41 [1st Dept 1999]) and the complaint does not allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (Howell v New York Post Co., 81 NY2d 115, 122 [1993]; see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 57 [2016]).

Plaintiff's aiding and abetting claim fails because there is no underlying violation of the State or City HRL(see Weir v Montefiore Med Ctr., 208 AD3d 1122, 1123 [1st Dept 2022], lv denied 39 NY3d 911 [2023]). Finally, his claim for declaratory relief is moot as the city rescinded the COVID-19 vaccine mandate in February 2023 (see Matter of New York City Mun. Labor Comm. v Adams, 222 AD3d 437, 438 [1st Dept 2023]).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026