Matter of Goldman v City of New York (2021 NY Slip Op 00232)





Matter of Goldman v City of New York


2021 NY Slip Op 00232


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 150633/18 Appeal No. 12863 Case No. 2019-00278 

[*1]In the Matter of Tracie Goldman, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents, Peter Ianniello, Respondent.


Michael L. Goldman, East Rockaway, for appellant.
James E. Johnson, Corporation Counsel, New York (Kate Fletcher of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 28, 2018, which denied the petition to reinstate petitioner to good standing with respondent Department of Education (DOE), deemed appeal from judgment, same court and Justice, entered December 12, 2018 (CPLR 5520[c]), dismissing the proceeding brought pursuant to CPLR article 78, and as so considered, unanimously affirmed, without costs.
DOE's rejection of petitioner's application to work as a substitute teacher was rationally based on petitioner's employment history, which included a 2010 discontinuance from probationary employment, an overall unsatisfactory (U) rating in a 2009 report by her principal, and a failure to fulfill DOE's 20-day minimum substitute teaching requirement for the 2014-2015 school year (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). Petitioner's argument that she was not informed by DOE that that the 20-day minimum teaching requirement referred to service in a DOE school is not supported by the record. Petitioner's attempt to collaterally attack the 2009 U-rating and the validity of the 2010 discontinuance is barred by both the four-month statute of limitations and the doctrine of res judicata, given the dismissal of her 2014 petition as time-barred (see Kahn v New York City Dept. of Educ., 18 NY3d 457, 472 [2012]; Cohen v Glass, 173 AD3d 580 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021