■ LEO LIBESON et al., Respondents, v COPY REALTY CORP. et al., Appellants.—In an action to recover on two promissory notes, the defendants appeal from a judgment of the Supreme Court, Nassau County (Saladino, J.), entered April 10, 1989, which, after a nonjury trial, is in favor of the plaintiffs and against them in the principal sums of $21,908 each.

Ordered that the judgment is modified, on the law, by reducing the principal sum awarded to each of the plaintiffs from $21,908 to $6,611.07; as so modified the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The respondents Leo Libeson and Michael Battagliola each loaned the appellants $15,000, which indebtedness was acknowledged by identical notes, entitling the respondents, inter alia, to 144 monthly installment payments of $182.57, including interest. The appellants remitted 24 payments of $182.57 pursuant to the notes, and then remitted 15 additional payments of $180 after making unauthorized unilateral adjustments. The respondents questioned this reduction, but never-

theless accepted these payments. Thus, a total of 39 payments were received through August 1985, when the appellants defaulted on their obligations.

In the ensuing action, the respondents sought to recover, *inter alia,* the entire indebtedness due under the notes, including recovery of installment payments not yet due. The court awarded the respondents judgment in an amount reflecting the total indebtedness. This was error.

The notes in question were time instruments payable in installments. They contained no acceleration clause. As a general rule, in the absence of an acceleration clause providing for the entire amount of a note to be due upon the default of any one installment, the respondents were only entitled to recover past due installments and they could not unilaterally declare the notes accelerated *(Artistic Greetings v Sholom Greeting Card Co.,* 36 AD2d 68; *see,* 5 Anderson, Uniform Commercial Code 3d § 3-109:22). Rather, each default on each installment gives rise to a separate cause of action *(see, True v Brainard,* 134 Misc 70).

Admittedly, the defense of absence of a valid acceleration clause was not raised before the trial court and ordinarily matters not raised therein may not be raised for the first time on appeal *(see, Rohdie v Michael Guidice, Inc.,* 132 AD2d 541). However, an issue which was not raised before the nisi prius court is reviewable by this court if the question presented is one of law which appeared upon the face of the record and which could not have been avoided by the respondents if brought to their attention at the proper juncture *(Block v Magee,* 146 AD2d 730, 732). This exception to the preservation rule is applicable to the case at bar, and thus we may give effect to the appellants' meritorious argument to reach a just and proper result.

As of the time this action was commenced in September 1986, the appellants were in default on 13 installments. As of the time of trial in September 1988, however, the defendants had defaulted on a total of 36 installments. Conforming the pleadings to the proof *(see, Smirlock Realty Corp. v Title Guar. Co.,* 97 AD2d 208, 236, *mod* 63 NY2d 955; *Harbor Assocs. v Asheroff,* 35 AD2d 667, 668; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.31), we find that the respondents may recover for the 36 unpaid installments, plus the sum of $38.55 representing the amounts wrongfully withheld pursuant to the appellants' unauthorized unilateral installment reduction. Accordingly, the matter is remitted to the Supreme Court for entry

of an appropriate amended judgment. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.