(December 11, 1995)

■ ADMAE ENTERPRISES, LTD., Respondent, v IRA N. SMITH, Appellant. [634 NYS2d 750] —In an action to recover damages for breach of contract, the defendant appeals from (1) a judgment of the Supreme Court, Nassau County (Schmidt, J.), entered June 27, 1994, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $19,000, and (2) an order of the same court, dated September 20, 1994, which denied his motion to reargue his motion pursuant to CPLR 4404 (a) to set aside the verdict.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is modified, on the law, by reducing the principal sum awarded to $5,000; as so modified, the judgment is affirmed, without costs or disbursements.

The trial court did not improvidently exercise its discretion when it denied the appellant's motion, made approximately three-and-one-half years after the original verified answer was dated and less than a week prior to trial, for leave to amend his answer to include the affirmative defense of the Statute of Frauds *(see, e.g., Hickey v Hutton,* 182 AD2d 801, 802; *Cameron v 1199 Hous. Corp.,* 208 AD2d 454, 455; *Pegno Constr. Corp. v City of New York,* 95 AD2d 655, 656). More than two years earlier, the Supreme Court, in denying both the plaintiff's motion and the appellant's cross motion for summary judgment, had observed that although the appellant had not raised the defense, the alleged agreement appeared to violate the Statute of Frauds. Accordingly, in light of the plaintiff having proceeded in reliance on the appellant's apparent waiver of the defense, coupled with the appellant's failure to offer any excuse for the delay in moving to amend, we find there was ample reason for the court to deny the motion *(see, Cameron v 1199 Hous. Corp., supra).*

Nor should the verdict be set aside as against the weight of

the evidence, since it was supported by a fair interpretation of the evidence adduced at trial (see, Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129). Here, both the existence of an enforceable promise and the identity of the parties to that agreement were in dispute. The jury, in concluding that the appellant's promise was supported by consideration, could have reasonably credited the testimony of the plaintiff's president and sole shareholder, Morton A. Epstein, that he had threatened to sue the appellant for fraud after a business deal failed, and that the appellant, to avoid a lawsuit, then agreed to pay $1,000 a year for 30 years to compensate the plaintiff for its loss. It is well established that "[t]he settlement of a doubtful claim will uphold a promise to pay a stipulated sum" (White v Hoyt, 73 NY 505, 514-515; see also, Jemzura v Jemzura, 36 NY2d 496, 504; Nolfi Masonry Corp. v Lasker-Goldman Corp., 160 AD2d 186). Further, the jury could have reasonably concluded that because certain correspondence as well as a check made payable to the plaintiff indicated that the failed deal had been made by the plaintiff corporation rather than Epstein personally, the appellant's agreement was to repay the corporate entity that had sustained the loss rather than Epstein as an individual.

Nonetheless, because the parties' agreement did not contain an acceleration clause providing for the entire balance to be due upon the default of any one installment, the plaintiff could not unilaterally declare the entire $19,000 balance accelerated (see, Libeson v Copy Realty Corp., 167 AD2d 376). Accordingly the plaintiff was entitled to recover only the amount of the installments past due at the time of trial in June 1994. We note, however, the plaintiff is entitled to recover the sum of $1,000 a year for the remaining 14 years of the contract.

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.