■ KEITH KROWL, Appellant, v COUNTY OF NASSAU et al., Respondents, et al., Defendants. [684 NYS2d 262] —In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Winslow, J.), dated December 24, 1997, which granted the motion by the defendants County of Nassau and Francesco Tenti to strike the note of issue and to dismiss the complaint insofar as asserted against them for want of prosecution, and (2) an order of the same court, dated May 31, 1998, which denied the plaintiff's motion, in effect, for reargument.

Ordered that the appeal from the order dated May 31, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 24, 1997, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In a certification order dated February 15, 1994, the Supreme Court, *sua sponte*, directed the plaintiff to serve and file a note of issue within 90 days. The order, which was signed by counsel for the plaintiff, further provided that a failure to comply "may

serve as a basis for dismissal pursuant to CPLR 3216". The plaintiff thereafter failed to serve and file the note of issue, and the defendants County of Nassau and Francesco Tenti moved pursuant to CPLR 3216 to dismiss the action insofar as asserted against them. The plaintiff cross-moved for an extension of time to file a note of issue.

By "Memorandum Decision" dated March 31, 1995, the Supreme Court, Nassau County (Kutner, J.), determined the respondents' motion and the plaintiff's cross motion extending his time to serve and file a note of issue upon payment to the defendants of the sum of $250. Without complying with the terms and conditions of this March 31, 1995, decision, the plaintiff filed a note of issue two years later on June 2, 1997. The court subsequently granted the respondents' motion to strike the note of issue and to dismiss the complaint insofar as asserted against them for want of prosecution (see, CPLR 3216). The plaintiff appeals from this order.

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting the respondents' motion to dismiss the complaint insofar as asserted against them since the plaintiff failed to comply with the terms and conditions of the decision dated March 31, 1995. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.