■ GLEN MITCHELL, Appellant, v NASSAU COMMUNITY COLLEGE, Respondent. [696 NYS2d 866] —In an action to recover damages pursuant to Executive Law § 296 for alleged employment discrimination, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 27, 1998, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The Supreme Court properly found that the plaintiff's action to recover damages for unlawful discriminatory practices was time-barred by the three-year Statute of Limitations set forth in CPLR 214 (2) (*see, Koerner v State of New York-Pilgrim Psychiatric Ctr.*, 62 NY2d 442, 446; *Alaimo v New York City Dept. of Sanitation*, 203 AD2d 501; *Yasinosky v New York City Tr. Auth.*, 193 AD2d 731). While the plaintiff exercised his right to pursue a grievance proceeding against the defendant as permitted by the parties' collective bargaining agreement, the plaintiff's invocation of this alternate remedy did not toll the Statute of Limitations (*see, Matter of Queensborough Community Coll. v State Human Rights Appeal Bd.*, 41 NY2d 926; *Roufaiel v Ithaca Coll.*, 241 AD2d 865; *Bitterman v Herricks Teachers' Assn.*, 220 AD2d 473; *Matter of Vasbinder v Hartnett*, 129 AD2d 894).

The plaintiff's contention that the defendant should be equitably estopped from relying upon the Statute of Limitations is raised for the first time on appeal, and is not properly before us (*see, Gatz v Otis Ford*, 262 AD2d 280; *Baine v Town of Oys-*

*ter Bay,* 258 AD2d 608; *Rotundo v S & C Magnetic Resonance Imaging,* 255 AD2d 573). In any event, the record is devoid of evidence showing that the defendant engaged in conduct which lulled the plaintiff into inactivity in order to allow the Statute of Limitations to expire (*see, Matter of Davis v Peterson,* 254 AD2d 287; *North Side Sav. Bank v Town of Hempstead,* 236 AD2d 456). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.