■ 3615-15 REALTY I, LLC, Respondent, v BEDFORD AVENUE ASSOCIATES I, LLC, et al., Appellants, et al., Defendant. [990 NYS2d 624]—

In an action, inter alia, in effect, to compel the defendants to accept a certain bid allegedly offered by the plaintiff at a foreclosure auction of certain real property, and to direct the defendant auctioneer Andrea Blair to sell the subject real property to the plaintiff at that bid price, the defendants Bedford Avenue Associates I, LLC, and Mendel Group, Inc., appeal from (1) an order of the Supreme Court, Kings County (Bayne, J.), dated May 18, 2012, which, after a hearing (Kurtz, Ct. Atty. Ref.), denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them and, in effect, directed judgment in favor of the plaintiff, and (2) a judgment of the same court dated July 31, 2012, which, upon the order, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the appeal from the order dated May 18, 2012, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order dated May 18, 2012, is vacated, an order of reference dated February 10, 2012 (Bayne, J.), is vacated, an order of reference also dated February 10, 2012 (Hinds-Radix, J.), is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the motion of the defendants Bedford Avenue Associates I, LLC, and Mendel Group, Inc., pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the defendants Bedford Avenue Associates I, LLC, and Mendel Group, Inc., payable by the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Pursuant to a judgment of foreclosure and sale dated January 13, 2011, certain real property was offered for sale at a public auction, conducted on July 14, 2011. The plaintiff alleged in its complaint that, at the auction, the defendant Mendel Group, Inc. (hereinafter Mendel), which was the judgment creditor in the underlying foreclosure action, announced an "upset price" of $1,400,000, that is, Mendel announced that it would not entertain a bid lower than $1,400,000, but nonetheless made an opening bid of $100. The plaintiff further alleged in its complaint that its representative, nonparty Judy Lebovits, was the highest bidder, with a bid of $950,000, that the bid was improperly disregarded, and that the subject property was sold to Mendel for the opening bid price of $100. Thereafter, Mendel assigned its bid to the defendant Bedford Avenue Associates I, LLC (hereinafter Bedford), which obtained a deed for the property.

The plaintiff commenced this action against Mendel and Bedford (hereinafter together the Mendel defendants), as well as the defendant auctioneer Andrea Blair seeking, inter alia, to set aside the transfer of title to the property to Bedford, in effect, to compel the defendants to accept its alleged bid to purchase the property for $950,000, and to compel Blair, who was appointed to sell the subject property at the public auction, to sell the subject property to it at the alleged $950,000 bid price. The Mendel defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, arguing, among other things, that any statement made by Lebovits at the auction did not constitute a bid.

In an order dated February 10, 2012, the Supreme Court (Bayne, J.), referred the matter to a referee "to determine issues of fact and hold a hearing regarding the issues raised in the motion and opposition." A second order of reference, also dated February 10, 2012, issued by the Administrative Judge for Civil Matters (Hinds-Radix, J.), made upon the order of Judge Bayne, referred the matter to a Court Attorney Referee to hear and determine the issues raised in the motion to dismiss. In the referee's determination dated March 26, 2012, made after a hearing, the referee determined that there was no valid bid by Lebovits, and that there was no evidence that the auction was conducted improperly. In an order dated May 18, 2012, the Supreme Court, contrary to the conclusion reached by the

referee, denied the Mendel defendants' motion to dismiss the complaint insofar as asserted against them and, in effect, directed the entry of judgment in favor of the plaintiff on the issue of liability. In that order, the Supreme Court determined that Lebovits made a $950,000 bid on behalf of the plaintiff at the auction. In a judgment dated July 31, 2012, the Supreme Court, inter alia, rejected the findings and determinations of the referee, and, upon the order dated May 18, 2012, directed that the deed to Bedford be vacated and the subject property be sold to the plaintiff for the sum of $950,000.

"A motion to dismiss on the basis of CPLR 3211 (a) (1) should be granted only where the documentary evidence that forms the basis of the defense is such that it refutes the plaintiff's factual allegations or conclusively disposes of the plaintiff's claims as a matter of law" (*Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756, 757 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Held v Kaufman*, 91 NY2d 425, 430-431 [1998]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the facts alleged in the complaint as true and afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d at 756; *Baron v Galasso*, 83 AD3d 626, 628 [2011]).

Here, the primary issues before the court on the defendants' motion were whether the plaintiff stated a cause of action to set aside the auction sale (*see* CPLR 3211 [a] [7]), based on its allegations that its representative tendered a proper bid for the subject property and that Mendel improperly disregarded this bid, and whether documentary evidence established a defense to the action as a matter of law (*see* CPLR 3211 [a] [1]). Neither of these issues warranted a hearing to determine disputed facts (*see Furman v Wells Fargo Home Mtge., Inc.*, 105 AD3d 807, 810 [2013]). Nonetheless, prior to the exchange of any disclosure, and in the absence of an answer from the Mendel defendants, the matter was referred to a referee, who essentially conducted a trial on the ultimate factual issues that were to be determined in the action—whether Lebovits made a proper bid, whether Mendel improperly disregarded the bid, and whether the auction sale was properly conducted. These disputed factual issues should have not have been resolved in connection with that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and no testimony adduced at the hearing could

properly be relied upon in determining whether the defendants established their entitlement to dismissal of the action pursuant to CPLR 3211 (a) (1) (*see id.*; *see also Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587, 589 [2014]).

Accordingly, the orders of reference directing that a referee was to hear and determine the facts must be vacated, and the matter must be remitted to the Supreme Court, Kings County, for a new disposition of the Mendel defendants' motion, to be decided on the motion papers alone.

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.