Estate of Kathryn Essig v Essig (2021 NY Slip Op 04301)





Estate of Kathryn Essig v Essig


2021 NY Slip Op 04301


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


372 CA 20-01559

[*1]THE ESTATE OF KATHRYN ESSIG BY EXECUTOR BARRY C. ESSIG, PLAINTIFF-RESPONDENT,
v
STEVEN F. ESSIG, DEFENDANT-APPELLANT. 






LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES G. DISTEFANO, SYRACUSE, FOR PLAINTIFF-RESPONDENT.


 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May 1, 2020. The order and judgment, among other things, awarded plaintiff a money judgment of $87,612.84. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by vacating the 2nd through 5th decretal paragraphs, and as modified the order and judgment is affirmed without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiff, the executor of the estate of Kathryn Essig (decedent), commenced this breach of contract action alleging that defendant, a son of the decedent, failed to make payments pursuant to a note secured by a mortgage on real property that had been executed between defendant and the decedent. Defendant appeals from an order and judgment entered after a nonjury trial that, inter alia, awarded plaintiff damages and interest.
Defendant's contention that the evidence proffered by plaintiff at trial to establish the existence of the note violated the best evidence rule is not preserved for our review inasmuch as defendant failed to make a timely objection to the evidence on that basis (see Kaygreen Realty Co. v IG Second Generation Partners, L.P., 68 AD3d 933, 934 [2d Dept 2009]; Matter of Rutledge v Rutledge, 269 AD2d 852, 852 [4th Dept 2000]; see also CPLR 4017). Defendant also contends that Supreme Court erred in admitting in evidence the decedent's bank statements because those documents were not properly authenticated. Defendant waived that contention inasmuch as defendant's counsel stated that he had no objection to the bank statements being admitted in evidence (see Matter of Humberstone v Wheaton, 21 AD3d 1416, 1417 [4th Dept 2005]; see also Matter of Cuttino v New York State Comptroller, 80 AD3d 1067, 1068 [3d Dept 2011]). Contrary to defendant's further contention, we conclude that the court properly admitted in evidence an amortization schedule and the decedent's tax returns after concluding that such documents were sufficiently authenticated (cf. Fairlane Fin. Corp. v Greater Metro Agency, Inc., 109 AD3d 868, 870 [2d Dept 2013]; see generally Kliamovich v Kliamovich, 85 AD3d 867, 869-870 [2d Dept 2011]; Jerome Prince, Richardson on Evidence § 9-103, at 703-704 [Farrell 11th ed]).
We agree with defendant, however, that the court erred in determining that plaintiff was entitled to recover for the entire amount of the note. "As a general rule, in the absence of an acceleration clause providing for the entire amount of a note to be due upon the default of any one installment, [a plaintiff is] only entitled to recover past due installments and [can]not unilaterally declare the note[] accelerated" (Libeson v Copy Realty Corp., 167 AD2d 376, 377 [2d Dept 1990]; see generally Barr v Country Motor Car Group, Inc., 15 AD3d 985, 986 [4th Dept 2005], lv denied 6 NY3d 704 [2006]). "Rather, each default on each installment gives rise to a separate cause of action" (Libeson, 167 AD2d at 377; see U.S. Bank N.A. v Brown, 186 [*2]AD3d 1038, 1039 [4th Dept 2020]). Here, the record is devoid of any evidence of an acceleration clause and, thus, plaintiff was entitled to recover "only the amount of the installments past due at the time of trial" (Admae Enters. v Smith, 222 AD2d 471, 472 [2d Dept 1995]; see Libeson, 167 AD2d at 377).
Plaintiff nonetheless contends as an alternative ground for affirmance that the entire amount of the note is recoverable under the theory of account stated. That contention is not properly preserved for our review (see Breau v Burdick, 166 AD3d 1545, 1549 [4th Dept 2018]; Davis v State of New York [appeal No. 2], 91 AD3d 1356, 1358 [4th Dept 2012], lv denied 19 NY3d 802 [2012]; see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]) and, in any event, it is without merit (see Cameron Eng'g & Assoc., LLP v JMS Architect & Planner, P.C., 75 AD3d 488, 489 [2d Dept 2010]).
We further agree with defendant that the court erred in awarding plaintiff damages on claims for past unpaid installments that were time-barred. "Where, as here, 'a loan secured by a mortgage is payable in installments, separate causes of action accrue for each unpaid installment, and the statute of limitations begins to run on the date that each installment becomes due' " (U.S. Bank N.A., 186 AD3d at 1039; see Sce v Ach, 56 AD3d 457, 458 [2d Dept 2008]). As defendant correctly asserted as a defense, inasmuch as plaintiff commenced this action on July 13, 2017, any claims for missed installments that accrued prior to July 13, 2011 were time-barred by the applicable statute of limitations (see Sce, 56 AD3d at 458-459). We note that plaintiff's alternative ground for affirmance on that issue, i.e., that defendant should be equitably estopped from relying on the statute of limitations, is raised for the first time on appeal and thus is not properly before us (see Mitchell v Nassau Community Coll., 265 AD2d 456, 456 [2d Dept 1999]; see generally Parochial Bus Sys., 60 NY2d at 545-546) and, in any event, is without merit (see Mitchell, 265 AD2d at 457).
In light of the foregoing, we modify the order and judgment by vacating the 2nd through 5th decretal paragraphs, and we remit the matter to Supreme Court to recalculate the award of damages and interest consistent with our decision. Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant reversal or further modification of the order and judgment.
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court