Koike Aronson, Inc. v Bearing Distribs., Inc. (2022 NY Slip Op 04834)

Koike Aronson, Inc. v Bearing Distribs., Inc.

2022 NY Slip Op 04834

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

300 CA 21-01396

[*1]KOIKE ARONSON, INC., PLAINTIFF-APPELLANT,
v
BEARING DISTRIBUTORS, INC., DOING BUSINESS AS BDI, DEFENDANT-RESPONDENT. 

HODGSON RUSS LLP, BUFFALO (RYAN K. CUMMINGS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
DUANE MORRIS LLP, PHILADELPHIA, PENNSYLVANIA (BRIAN J. SLIPAKOFF, OF THE PENNSYLVANIA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Wyoming County (Emilio Colaiacovo, J.), entered September 2, 2021. The order granted defendant's motion to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the amended complaint is reinstated.
Memorandum: Plaintiff commenced this breach of warranty action against defendant in Supreme Court, Wyoming County. Defendant moved to dismiss the amended complaint under CPLR 3211 (a) (1) on the ground that the parties' underlying agreement includes a forum selection clause requiring litigation of this action in Cuyahoga County, Ohio (see UCC 2-207). The court granted the motion, and plaintiff appeals. We now reverse.
We agree with plaintiff that the court erred in granting defendant's motion. The rationale upon which the court concluded that the forum selection clause had become part of the parties' agreement under UCC 2-207—i.e., that the final form in the transactional chain constituted a counteroffer by defendant that plaintiff fully accepted by performance—was examined and rejected by the Third Department in Lorbrook Corp. v G & T Indus. (162 AD2d 69, 74-75 [3d Dept 1990]). We agree with the Third Department's analysis and holding on that issue and conclude that here defendant's order confirmation form was not a counteroffer the terms of which were accepted by plaintiff's performance. Notably, defendant does not distinguish or ask us to reject Lorbrook Corp. in any respect.
Defendant offers an alternative ground for affirmance, that the ostensible forum selection clause constituted a "supplementary term[]" of the parties' implied-in-fact contract under UCC 2-207 (3) by virtue of the parties' longstanding "course of dealing" (UCC 1-303 [b], [d]). However, that alternative ground for affirmance is raised for the first time on appeal and is thus not properly before us (see Kavanaugh v Kavanaugh, 200 AD3d 1568, 1575-1576 [4th Dept 2021]; Estate of Essig v Essig, 196 AD3d 1055, 1057 [4th Dept 2021]). In any event, the parties' purported course of dealing is reflected only in a self-serving affidavit from defendant's employee, and it well established that affidavits do "not constitute documentary evidence within the meaning of CPLR 3211 (a) (1)" (Attias v Costiera, 120 AD3d 1281, 1283 [2d Dept 2014]; see Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1563 [4th Dept 2021]; Phillips v Taco Bell Corp., 152 AD3d 806, 807 [2d Dept 2017]). Defendant's request for an evidentiary hearing to establish the parties' course of dealing supports our conclusion that its alternative ground for affirmance does not meet the standard for dismissal under CPLR 3211 (a) (1); indeed, a meritorious motion under CPLR 3211 (a) (1) will never require an evidentiary hearing (see [*2]generally 3615-15 Realty I, LLC v Bedford Ave. Assoc. I, LLC, 120 AD3d 487, 489-490 [2d Dept 2014]; Furman v Wells Fargo Home Mtge., Inc., 105 AD3d 807, 810 [2d Dept 2013]).
Lastly, assuming, arguendo, that the alternative ground for affirmance is supported by the documentary evidence required by CPLR 3211 (a) (1), we nevertheless conclude that defendant's alternative contention lacks merit. Even "[a]ssuming arguendo that supplementary terms [under UCC 2-207 (3) could ever] include terms arrived at through a course of dealing" (PCS Nitrogen Fertilizer, L.P. v Christy Refractories, L.L.C., 225 F3d 974, 981 [8th Cir 2000]), it is well established that " '[c]ourse of dealing analysis is not proper . . . where [as here] the only action taken [with respect to the purported supplementary term is] the repeated delivery of a particular form by one of the parties' " (id. at 982, quoting In re CFLC, Inc., 166 F3d 1012, 1017 [9th Cir 1999]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court