Matter of Walshe v New York State Unified Ct. Sys. Off. of Ct. Admin. (2024 NY Slip Op 04145)

Matter of Walshe v New York State Unified Ct. Sys. Off. of Ct. Admin.

2024 NY Slip Op 04145

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-11354
 (Index No. 617125/22)

[*1]In the Matter of Thomas Walshe, appellant, 
v
New York State Unified Court System Office of Court Administration, respondent.

Scott Lockwood, Deer Park, NY, for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Sarah Coco of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent denying the petitioner's request for the return of certain firearms and the reinstatement of his firearms privileges as a New York State Court Officer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Randy Sue Marber, J.), dated August 31, 2023. The order and judgment granted the respondent's motion pursuant to CPLR 3211(a) to dismiss the petition, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In 2017, the petitioner, a New York State Court Officer, was arrested for allegedly menacing another driver during a verbal altercation. The respondent, the New York State Unified Court System Office of Court Administration (hereinafter OCA), suspended the petitioner's workplace firearms privileges and seized his service and personal firearms. The following year, OCA filed charges of misconduct against the petitioner, which the parties resolved by a stipulation of settlement (hereinafter the stipulation) wherein the petitioner agreed, inter alia, to be subject to a two-year probationary period. The stipulation made no reference to the petitioner's firearms or firearms privileges.
After the two-year probationary period ended, the petitioner requested the return of his firearms and the restoration of his firearms privileges by letter. OCA denied the petitioner's request. The petitioner's union then sought the return of his firearms and the restoration of his firearms privileges through the collective bargaining agreement's noncontractual grievance procedure. OCA denied the grievance.
In 2022, the petitioner commenced this proceeding pursuant to CPLR article 78 to review OCA's denial of his request to return his firearms and to restore his firearms privileges. OCA moved pursuant to CPLR 3211(a) to dismiss the petition, arguing that the proceeding was time-barred by the applicable statute of limitations. The Supreme Court granted OCA's motion, denied the petition, and dismissed the proceeding. The petitioner appeals.
A proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner (see id. § 217[1]; Matter of Zherka v Ramos, 173 AD3d 746, 747). "An administrative determination becomes 'final and binding' when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies" (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194; see Matter of Rosado-Ciriello v Board of Educ. of the Yonkers City Sch. Dist., 219 AD3d 839, 840-841).
Here, OCA's determination denying the petitioner's request to return his firearms and to restore his firearms privileges became final and binding no later than five days after a letter dated January 10, 2022 (hereinafter the denial letter), was mailed (see CPLR 2103[b][2]). The petition was filed in August 2022 and therefore, the proceeding was untimely.
Contrary to the petitioner's contention, the denial letter was not ambiguous because it denied the petitioner's request "at this time." The denial letter, which also advised the petitioner that any different determination would require a new request for the restoration of his firearms privileges, "left no doubt that there would be no further administrative action" (Matter of Essex County v Zagata, 91 NY2d 447, 454; see Matter of Village of Kiryas Joel v County of Orange, 181 AD3d 681, 685).
A statute of limitations is not tolled "by the invocation of grievance procedure which is merely an alternative remedy" (Matter of Queensborough Community Coll. of City Univ. of N.Y. v State Human Rights Appeal Bd., 41 NY2d 926, 926; see Donoso v New York Univ., 160 AD3d 522, 523; Mitchell v Nassau Community Coll., 265 AD2d 456, 456). Here, the noncontractual grievance procedure provided for in the relevant collective bargaining agreement was not mandatory but merely an alternative remedy. Therefore, the petitioner's invocation of that procedure did not toll the statute of limitations (see Mitchell v Nassau Community Coll., 265 AD2d 456).
Contrary to the petitioner's contention, the proceeding was not subject to the six-year statute of limitations for a breach of contract cause of action. "In determining which limitations period is applicable to a given cause of action, the court must look to the substance of the allegations rather than to the characterization of those allegations by the parties" (Potter v Zucker Hillside Hosp., 176 AD3d 884, 885 [internal quotation marks omitted]; see Thomasson v Demarco, 217 AD3d 709, 710). Here, the petitioner exclusively sought the remedies available under CPLR 7803 and did not allege a breach of any provision of the stipulation in the petition.
The petitioner's contention that OCA is equitably estopped from claiming that the statute of limitations commenced with his receipt of the denial letter is improperly raised for the first time on appeal in his reply brief (see Yasso v Town of Brookhaven, 219 AD3d 784, 787; Deustche Bank Natl. Trust Co. v Smith, 211 AD3d 817, 819-820).
Accordingly, the Supreme Court properly granted OCA's motion pursuant to CPLR 3211(a) to dismiss the petition, denied the petition, and dismissed the proceeding.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court