■ In the Matter of VITO LOMBARD, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [4 NYS3d 13]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered July 2, 2013, denying the petition to annul a determination of respondent New York City Department of Education (DOE), which limited petitioner's access to a New York City elementary school attended by his children, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

DOE's June 18, 2012 statement that it would permit petitioner to attend his children's graduation ceremonies that month on condition that petitioner be escorted by a plainclothes school safety agent constituted a facially final statement of its position, and started the applicable four-month limitations period (*see* CPLR 217 [1]; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). Petitioner's counsel's July 24, 2012 inquiry to DOE, asking if it had "finalized its new policies" for petitioner to pick up his children at the school, was a request for reconsideration which did not suffice to extend the limitations period (*see Matter of Baloy v Kelly*, 92 AD3d 521 [1st Dept 2012]). DOE's response on July 27, 2012, that petitioner would not be allowed to pick up his children at the school, merely reiterated the position it had first laid out in May 2011. The parties' "correspondence" to "ascertain the factual particulars" did not further extend petitioner's time to commence proceedings under CPLR article 78 (*Matter of M & D Contrs. v New York City Dept. of Health*, 233 AD2d 230, 231 [1st Dept 1996]).

Accordingly, the proceeding, filed on November 20, 2012, over five months after DOE's June 18, 2012 statement, was untimely (*see* CPLR 217 [1]). Concur—Gonzalez, P.J., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.