■ In the Matter of IVAN O. SUBERVI, M.D., Appellant, v FEDERATION OF STATE MEDICAL BOARDS et al., Respondents. [25 NYS3d 194]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered April 25, 2014, granting respondents' cross motion to deny the petition seeking to annul respondents' determination that petitioner was not eligible to take the "Step 3" test for certification of foreign medical students, and dismissing the proceeding brought pursuant to CPLR article 78, based on the statute of limitations, unanimously affirmed, without costs.

There are "two requirements for fixing the time when agency action is 'final and binding upon the petitioner' ": the agency must have reached a definitive position on the issue that inflicts actual, concrete injury on petitioner and the injury may not be prevented or significantly ameliorated by further administrative action or steps available to the complaining party (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]).

The court properly determined that this proceeding was untimely. Petitioner admits that in 2005 he was made aware that his application to take the Step 3 examination for medical licensing in the United States was denied. He asserts that he did not know the reason for the denial, but nevertheless attempted several times to pass the Step 2CS examination, the precondition to taking the Step 3 examination that he had not satisfied and which was cited by respondents.

Petitioner was aggrieved in 2005, when he was denied eligibility to take the Step 3 examination, and his 2013 application to take that test did not extend the statute of limitations, which had already expired (*see Matter of Kelly v New York City Police Dept.*, 286 AD2d 581 [1st Dept 2001]; *Matter of Lombard v New York City Dept. of Educ.*, 125 AD3d 483 [1st Dept 2015]).

In any event, respondents' imposition of the revised eligibility requirements on petitioner was not arbitrary or capricious or a violation of an implied contract with petitioner. Concur— Renwick, J.P., Andrias, Saxe and Richter, JJ.