## Matter of Riverside Plaza Corp. v New York City Dept. of Bldgs.

2025 NY Slip Op 32171(U)

June 18, 2025

Supreme Court, New York County

Docket Number: Index No. 160588/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**     PART     **04**

*Justice*

-------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF RIVERSIDE PLAZA CORP.,

     Petitioner,

     - v -

NEW YORK CITY DEPARTMENT OF BUILDINGS,

     Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160588/2023 |
| **MOTION DATE** | 10/30/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion for      ARTICLE 78 (BODY OR OFFICER)     .

In this special proceeding, petitioner challenges the decision by respondent the New York City Department of Building ("DOB") which denied its application to waive civil penalties imposed on petitioner pursuant to 1 RCNY 103-4(d). For the reasons set forth below, the petition is denied.

## FACTUAL BACKGROUND

New York City's Façade Inspection and Safety Program ("FISP"), codified in Administrative Code §28-302 et seq and 1 RCNY 103-4, "requires property owners of buildings greater than six stories in height to conduct periodic inspections and file technical examination reports with the New York City Department of Buildings … on the condition of the exterior walls … and appurtenances of such buildings" (*The Bd. of Managers of 150 E. 72nd St. Condominium v Vitruvius Estates LLC*, 2018 NY Slip Op 31213[U], 25 [Sup Ct, NY County 2018] [internal

**160588/2023 IN THE MATTER OF THE APPLICATION OF RIVERSIDE PLAZA CORP., vs. NEW YORK CITY DEPARTMENT OF BUILDINGS**
**Motion No. 001**

**Page 1 of 8**

1 of 8

[* 1]

citations omitted], *affd sub nom. Bd. of Managers of 150 E. 72nd St. Condominium v Vitruvius Estates, LLC*, 173 AD3d 589 [1st Dept 2019]).

Petitioner owns 615 West 143rd Street, New York, New York (the "Building"). On July 31, 2018, petitioner received a Notice of Violation from the DOB's Facade Inspection Safety Program Unit (the "2018 Violation") for failing to submit a façade inspection report for the Building as required by 1 RCNY 103-04 (NYSCEF Doc No. 8, notice of violation). The 2018 Violation also directed petitioner to file such a report and pay fees resulting from its nonfeasance (*id.*). Petitioner did neither.

Three months later, on October 15, 2018, petitioner received a summons to appear at a hearing at the Office of Administrative Trials and Hearings ("OATH") to address its purported failure to file a façade inspection report for the Building (NYSCEF Doc No. 9, OATH summons). At that hearing, on June 27, 2019, the Hearing Officer concluded that the DOB records and inspection card presented by petitioner's counsel established that the Building was not greater than six stories such that a façade report would be required under FISP and, in the absence of contrary evidence from DOB, dismissed the summons (NYSCEF Doc No. 10, OATH decision).

On April 25, 2022, petitioner received two more OATH summonses, for failing to maintain the Building's exterior wall and failing to submit a façade inspection report, respectively (NYSCEF Doc Nos. 12, 14, OATH summonses). The summons based upon petitioner's failure to file a façade inspection report was dismissed at a hearing on November 17, 2022, on the same grounds as the dismissal of the first summons (NYSCEF Doc No. 15, OATH decision). However, the summons based upon petitioner's alleged failure to maintain the Building's façade was sustained on July 29, 2022 (NYSCEF Doc No. 13, OATH decision).

**160588/2023   IN THE MATTER OF THE APPLICATION OF RIVERSIDE PLAZA CORP., vs. NEW YORK CITY DEPARTMENT OF BUILDINGS**
**Motion No. 001**

**Page 2 of 8**

[* 2]

2 of 8

On June 21, 2022, petitioner received a letter from the DOB's Façade Inspection Safety Program Unit noting petitioner's ongoing failure to submit a façade inspection report and directing petitioner to do so (NYSCEF Doc No. 20). This letter also noted that the outstanding civil penalties from its non-compliance totaled $50,000.00 (*id.*). Petitioner responded by letter, dated October 21, 2022, requesting that the DOB withdraw and dismiss all OATH summonses, DOB violations, and civil penalties based upon its failure to file a façade inspection report because "the DOB did not and has not provided any notice of the Engineer's Report requirement and four (4) years later cannot produce any evidence of the study, report or document(s) that led the DOB to this conclusion despite our numerous requests for said study, report or document(s)" (NYSCEF Doc No. 21). DOB's Acting Commissioner Kazimir Vilenchik responded by letter dated November 21, 2022, denying petitioner's counsel's request and explaining that the Building was governed by FISP, pursuant to 1 RCNY 103-04 (c)(4)(i), because its cellar had "more than half its height above existing grade on several elevations" (NYSCEF Doc No. 22).

Petitioner subsequently filed a formal application for a civil penalty waiver through respondent's online portal.[1] This request was denied on June 9, 2023, by email (NYSCEF Doc No. 22). This email also informed petitioner that "another waiver request can be submitted or the civil penalty can be paid" (*id.*). Petitioner submitted another waiver application, which was denied on June 30, 2023 (NYSCEF Doc No. 3).

Petitioner now seeks an order reversing this denial, arguing that the 2018 Violation was arbitrary and capricious because it was issued without due process, since petitioner was never previously provided with a copy of the 2014 inspection report which concluded that the Building

---

[1] Petitioner filed a FISP Report for FISP Reporting Cycle 9 on March 13, 2023, which ended the assessment of penalties retroactive to January 16, 2023.

**160588/2023   IN THE MATTER OF THE APPLICATION OF RIVERSIDE PLAZA CORP., vs. NEW        Page 3 of 8
YORK CITY DEPARTMENT OF BUILDINGS
Motion No. 001**

fell under FISP.[2] Petitioner maintains that it reasonably believed that the Building was not subject to FISP and that this issue had been resolved by the dismissal of the OATH summonses and that, under these circumstances, DOB's failure to waive the penalties imposed due to petitioner's failure to address the 2018 Violation was arbitrary and capricious and the amount of this penalty so disproportionate as to shock the conscience (NYSCEF Doc No. 1, petition at ¶¶5-6, 29).

Respondent opposes the petition and seeks its dismissal, arguing that this special proceeding is time-barred but that, in any event, the denial of petitioner's waiver request was rational as neither of the two statutory grounds for granting such a waiver under 1 RCNY 103-4(e) applied. Respondent also argues, more generally, that OATH's dismissal of the summonses could not have provided grounds for petitioner to believe that it was not obligated to pay penalties accruing under the 2018 Violation because the 2018 Violation was assessed pursuant to 1 RCNY § 103-4(d) and could only be challenged directly with DOB (*see* 1 RCNY § 103-4[d][5]) while the summonses were issued pursuant to Administrative Code §28-302.4 and could only be challenged through an OATH hearing. Finally, respondent notes that the third OATH summons, which asserted a violation of Administrative Code §28-302.1, was sustained by the OATH Hearing Officer yet petitioner failed to challenge this determination.

## DISCUSSION

As a threshold matter, the Court rejects respondent's argument that this special proceeding is untimely. Per CPLR 217(1), "[t]he four-month statute of limitations to commence an article 78 proceeding begins once an administrative determination is 'final and binding'" (*Dourdounas v City of New York*, 211 AD3d 466, 466 [1st Dept 2022] [internal citations omitted], *affd*, --- N.E.3d

---

[2] Respondent submitted the 2014 Inspection Report as an exhibit to its Answer (NYSCEF Doc No. 7).

**160588/2023 IN THE MATTER OF THE APPLICATION OF RIVERSIDE PLAZA CORP., vs. NEW YORK CITY DEPARTMENT OF BUILDINGS**
**Motion No. 001**

**Page 4 of 8**

[* 4]

--- 2025 WL 863249 [2025]). An agency action is "final and binding" when the agency has "reached a definitive position on the issue that inflicts actual, concrete injury on petitioner that may not be "prevented or significantly ameliorated by further administrative action or steps available to the complaining party" (*Subervi v Fedn. of State Med. Boards*, 136 AD3d 553, 554 [1st Dept 2016] [internal citations omitted]). As respondent's June 9, 2023 denial advised petitioner that it could submit another waiver request, it cannot be said that the injury could not be prevented by steps available to petitioner such that this denial was final and binding for statute of limitations purposes (*see e.g. Matter of Birney v New York City Dept. of Health and Mental Hygiene*, 34 Misc 3d 1243(A) [Sup Ct, NY County 2012] [respondent's request that petitioner return his application with particular missing documents was not Department of Health and Mental Hygiene's final determination]). Moreover, as this second application was invited by respondent, it was not a "request for reconsideration" insufficient to toll the statute of limitations, as respondent argues.

Accordingly, the Court addresses the petition on its merits. In an Article 78 proceeding, the standard for judicial review of an administrative determination is limited to whether the agency acted arbitrarily or capriciously, i.e., without any sound basis in reason or regard to the facts (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 231-232 [1974]). An agency's decision must be upheld where there is any rational basis in the record before the agency to support the disputed determination (*see Matter of Guzman v Safir*, 293 AD2d 281 [1st Dept 2002]). Where, as here, an administrative penalty is challenged, "the [agency's] determination must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness" (*Singh v City of New York Off. of Admin. Trials and Hearings*, 191 AD3d 417 [1st Dept 2021] [internal citations omitted]).

**160588/2023   IN THE MATTER OF THE APPLICATION OF RIVERSIDE PLAZA CORP., vs. NEW YORK CITY DEPARTMENT OF BUILDINGS**
**Motion No.  001**

**Page 5 of 8**

5 of 8

As an initial matter, the denial of petitioner's waiver request was not improper. Pursuant to 1 RCNY 103-4(e), there are only two grounds to grant such a waiver, new ownership or the demolition of the subject building, neither of which apply here. Neither does the amount of the penalty shock the Court's sense of fairness, as "there is legal justification for the challenged fine," which was imposed pursuant to the penalty schedule set out in 1 RCNY 103-4(d) (*133 Guy Brewer Blvd Corp. v New York City Off. of Admin. Trials and Hearings*, 2022 NY Slip Op 31022[U], 6-7 [Sup Ct, NY County 2022]) and the size of the penalty is commensurate with the seriousness of the danger it was designed to discourage, masonry falling from building facades (*see Myer Funeral Serv. Corp. v Zucker*, 188 AD3d 1488, 1493-95 [3d Dept 2020] ["Insofar as petitioner's misconduct resulted in decedent's body being left at the morgue for an extended period of time in an advanced state of decomposition, thereby posing a health risk to morgue employees, we cannot conclude that the [statutory] penalty imposed shocks one's sense of fairness so as to constitute an abuse of discretion"]).

Petitioner's argument that the penalties should be waived because it believed in good faith that the Building did not fall within FISP is without merit. As the 2018 Violation was issued pursuant to a separate enforcement mechanism than the summonses, the latter has no bearing on the former (*see In re Sibersky v NYC Envtl. Control Bd.*, 2007 NY Slip Op 32355[U] [Sup Ct, NY County 2007] ["The dismissal by ECB of the DOB NOV has no bearing upon the HPD violations, as they are separate and distinct violations"]). Neither does the disposition of these summons have any preclusive effect, as a matter of res judicata, on the 2018 Violation, since that 2018 Violation

**160588/2023   IN THE MATTER OF THE APPLICATION OF RIVERSIDE PLAZA CORP., vs. NEW YORK CITY DEPARTMENT OF BUILDINGS Motion No. 001**          **Page 6 of 8**

6 of 8

was issued years prior and res judicata by its nature applies prospectively.[3] Finally, as respondent notes, although two of the three summonses were dismissed, the third summons, which also involved a violation of FISP, was sustained without challenge by petitioner. In light of the foregoing, petitioner's argument that it did not have notice of its obligations under FISP is unavailing (*see Starlight Realty Assoc. v State Div. of Hous. and Community Renewal*, 168 AD2d 306, 307 [1st Dept 1990] [Article 78 petition seeking review of District Rent Administrator's overcharge determination properly dismissed where "owner's argument that it had no notice of its obligation to supply all the leases back to the Base Rent is without merit. Even if the owner did not receive the Final Notice, the record shows it did receive two other notices requesting a complete rent history"]).

Finally, the Court notes that to the extent petitioner attempts to attack the 2018 Violation itself by asserting that it was issued without a rational basis and without due process afforded to petitioner, these arguments are irrelevant to this special proceeding, which is confined to respondent's denial of petitioner's request for a penalty waiver (see NYSCEF Doc No. 2, notice of petition).

Accordingly, it is

**ORDERED** and **ADJUDGED** that the petition is denied and this special proceeding dismissed; and it is further

**ORDERED** that respondent shall serve a copy of this decision and order, with notice of entry, upon petitioner as well as the Clerk of the Court, who is directed to enter judgment accordingly; and it is further

---

[3] To the extent petitioner's position that it relied on the OATH decisions in declining to file a façade report or pay penalties can be construed as an equitable estoppel argument, it also fails (*see Matter of Jian Min Lei v. New York City Dept. of Hous. Preserv. & Dev.*, 158 AD3d 514, 515 [1st Dept 2018] ["estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties"]).

**160588/2023   IN THE MATTER OF THE APPLICATION OF RIVERSIDE PLAZA CORP., vs. NEW YORK CITY DEPARTMENT OF BUILDINGS**
**Motion No.  001**

**Page 7 of 8**

7 of 8

[* 7]

**ORDERED** that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "EFiling" page on this court's website).

This constitutes the decision and order of the Court.

| | | |
|---|---|---|
| **6/18/2025** | | |
| **DATE** | | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160588/2023   IN THE MATTER OF THE APPLICATION OF RIVERSIDE PLAZA CORP., vs. NEW YORK CITY DEPARTMENT OF BUILDINGS**          Page 8 of 8
Motion No.  001

8 of 8

[* 8]